## KAREN A. PAGE *v.* JAY A. PAGE
### (AC 23004)

Lavery, C. J., and DiPentima and Dupont, Js.

Argued June 2—officially released July 1, 2003

*Eugene P. Falco,* for the appellant (defendant).

*James Wu,* with whom was *Julie M. Porzio,* for the appellee (plaintiff).

### Opinion

PER CURIAM. In this appeal from a postjudgment order in a dissolution of marriage action, the parties agree that paragraph twenty-seven of their written separation agreement, incorporated by reference into the decree of dissolution, is ambiguous. The ambiguity centers around the words "[t]he Husband shall immediately transfer to the Wife by way of a Qualified Domestic Relations Order or nontaxable rollover a one-half interest in the following: GE Savings and Security 401 (k) Plan in the approximate amount of $945,000 . . . ."

The interpretation of the contract in this case hinges on the intent of the parties. The plaintiff wife argues that she is entitled to one-half of the cash value of the stock as of the date of dissolution, and the defendant

husband argues that his former wife is entitled only to one-half of the number of shares of stock in the plan as of the date of dissolution.[1]

The intent of the parties to a contract is determined from the language used as interpreted in light of the circumstances and in light of the purpose which the parties sought to accomplish. *Barnard* v. *Barnard*, 214 Conn. 99, 109–10, 570 A.2d 690 (1990).

The trial court, without an evidentiary hearing, ordered the defendant "to transfer" his interest "based on the values [of the assets] determined as of the sixtieth day from August 29, 2000," which was the date of the parties' dissolution." Without an evidentiary hearing, and, therefore, without any basis for finding the necessary subsidiary facts to determine whether the plaintiff's interpretation or the defendant's interpretation of the words "a one-half interest" should prevail, we remand the case for an evidentiary hearing.

The judgment is reversed and the case is remanded for an evidentiary hearing to establish the intent of the parties as to the distribution provided for in their written separation agreement.

---

[1] The value of the stock has declined significantly since the date of dissolution.